IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00102-FL

**Shamrock Innovations, LLC,**

        Plaintiff,

v.

**Lenovo (United States), Inc.,**

        Defendant.

**Order**[1]

Shamrock Innovations, LLC, has sued Lenovo (United States), Inc., for allegedly infringing on two of Shamrock's patents. Am Compl., D.E. 18. Last December, nonparty Western Digital Technologies, Inc., moved to intervene as a Defendant in this lawsuit. Mot. Intervene, D.E. 34. Neither Lenovo nor Shamrock opposes Western Digital's intervention, though Shamrock contends that Western Digital should only be allowed permissive intervention—not intervention as of right. Resp to Mot. Intervene at 5, D.E. 43.

The same day Western Digital moved to intervene, Lenovo moved to extend all case deadlines in light of Western Digital's potential involvement in this case. Mot. Extend Deadlines, D.E. 36. By text order, the court granted Lenovo's motion and stayed all deadlines pending the resolution of the motion to intervene.

---

[1] The undersigned United States Magistrate Judge will issue an order—rather than a memorandum and recommendation—for two reasons: First, the Federal Magistrates Act of 1968 does not preclude Magistrate Judges from issuing an order on a motion to intervene. *See* 28 U.S.C. § 636(b)(1). And second, while the Fourth Circuit has not ruled on whether motions to intervene are appropriate for resolution by a Magistrate Judge, the overwhelming weight of evidence suggests that they are. *See, e.g.*, *Coleman* v. *Labor & Indus. Rev. Comm'n*, 860 F.3d 461, 474 (7th Cir. 2017) ("A magistrate judge can . . . rule on a motion to intervene[.]"); *Yorkshire* v. *IRS*, 26 F.3d 942, 944 n.3 (9th Cir. 1994) (noting that motions to intervene are non-dispositive and therefore may be resolved by Magistrate Judges); *United States* v. *Duke Energy Corp.*, No. 1:00CV1262, 2009 WL 10717776, at *2 (M.D.N.C. Jan. 30, 2009) (reviewing a Magistrate Judge's order on a motion to intervene); *United States* v. *Certain Real Prop. & Premises*, 751 F. Supp. 1060, 1061 (E.D.N.Y. 1989) (denying appeal that argued a Magistrate Judge must issue a recommendation on motions to intervene).

The court held a hearing in March 2023 to discuss whether Shamrock's distinction between the two kinds of intervention had a meaningful effect on the disposition of Western Digital's motion. *See generally* Minute Entry, D.E. 51. At the hearing, Shamrock explained that granting Western Digital permissive intervention would allow the court to impose conditions on its participation in this case, including a prohibition on revisiting certain deadlines that have already passed. Western Digital stated that it did not wish to readdress aspects of the case that had already occurred. It did, however, ask the court to extend deadlines on claim construction briefing.

Federal Rule of Civil Procedure 24 governs intervention. A party has a right to intervene when unconditionally allowed by a federal statute or when the party has an interest in the suit that could be left unprotected without its participation. Fed. R. Civ. P. 24(a)(1)–(2). A court may also permit a party to intervene when conditionally allowed by a federal statute or when the party "has a claim or defense that shares . . . a common question of law or fact" with the underlying lawsuit. *Id.* 24(b)(1)–(2).

Western Digital contends that the court should permit it to intervene because it manufactured the technology implicated in Shamrock's patent claim. Mem. Supp. Mot. Intervene at 12, D.E. 35. As a result, its non-infringement defenses "arise from the same factual issues" as Lenovo's. *Id.* Shamrock does not oppose this intervention. Resp to Mot. Intervene at 5. Thus, the court will grant Western Digital's motion to intervene (D.E. 34).

The court also lifts the stay imposed on January 27, 2023, and establishes these deadlines:[2]

- Opening claim construction briefs will be due Thursday, May 18, 2023;

- Responsive claim construction briefs will be due Friday, June 9, 2023; and

---

[2] The court's text order staying discovery only affected deadlines that had not yet lapsed when the court issued the order on January 27, 2023. Thus, the court will not extend deadlines for preliminary claim constructions, evidence for preliminary claim constructions, the parties' joint claim construction statement, or claim construction discovery.

2

- The mediation deadline is Friday, July 7, 2023.

Dated: March 17, 2023

_____
Robert T. Numbers, II
United States Magistrate Judge